THE STATE OF OHIO, APPELLEE, *v.* POLAND, APPELLANT.

304

(Nos. 47175 and 47176—Decided
March 26, 1984.)

Mr. John T. Corrigan, prosecuting
attorney, and Mr. Jack H. Hudson, for
appellee.
Mr. John Poland, pro se.

MARKUS, P.J. Defendant appeals
from the denial of post-conviction relief
from convictions on guilty pleas for
three counts of drug trafficking and one
count of receiving stolen property. He
complains that the court refused him an
evidentiary hearing on his allegation
that those pleas resulted from his
counsel's false assurances and threats.
Defendant has failed to demonstrate
substantive grounds for relief, so we af-
firm.

The grand jury indicted defendant
for fifty-six counts of drug law offenses
and one count of receiving stolen prop-
erty. Defendant retained two attorneys
to represent him. After negotiations,
counsel reported that the state and the
defendant had agreed upon a plea
bargain. The state would dismiss fifty-
three felony counts if defendant pled
guilty to four specified counts and sur-
rendered his medical licenses and
authority to dispense or prescribe drugs.

After determining that defendant's
pleas were made knowingly, intelli-
gently and voluntarily, the court ac-
cepted those pleas and requested a
presentence investigation. After receiv-
ing that report, the court sentenced
defendant to concurrent terms of one to
five years on the four felony counts and
denied probation.

In the memorandum accompanying
his post-conviction petition, defendant
asserted that his trial attorneys told him
he would receive probation if he pled
guilty. He further alleged that his at-
torneys told him that professional
witnesses would lie under oath against
him at trial. However, defendant sub-
mitted no evidentiary materials to sup-
port these allegations. The trial court
denied the petition without an eviden-
tiary hearing, finding no substantial
grounds for relief in the petition.

Defendant assigns two related er-
rors:

"I.   Appellant was denied the effec-
tive assistance of counsel guaranteed by
the Sixth Amendment of [sic] the United
States Constitution as applied under the
Fourteenth Amendment.

"II.   The trial court erred in deny-
ing the petition for post conviction relief
without a hearing wherein the constitu-
tional issue could not be determined
from the records."

R.C. 2953.21 states in part:

"(A)   Any person convicted of a
criminal offense or adjudged delinquent
claiming that there was such a denial or
infringement of his rights as to render
the judgment void or voidable under the
Ohio Constitution or the Constitution of
the United States, may file a verified
petition at any time in the court which
imposed sentence, stating the grounds
for relief relied upon, and asking the
court to vacate or set aside the judgment
or sentence or to grant other ap-
propriate relief. The petitioner may file
such supporting affidavit and other
documentary evidence as will support
his claim for relief.

"* * *

"(C) Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * * *"

In *State* v. *Jackson* (1980), 64 Ohio St. 2d 107, 111 [18 O.O.3d 348], the court stated:

"Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and *also* that the defense was prejudiced by counsel's ineffectiveness. [Emphasis *sic.*]

"Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing."

See, also, *State* v. *Heard* (Jan. 20, 1983), Cuyahoga App. No. 44913, unreported.

In *State* v. *Kapper* (1983), 5 Ohio St. 3d 36, 38, the court reached the same conclusion for post-conviction claims that guilty pleas resulted from false promises or threats:

"* * * The state offers the following rationale to support the analogous application of *Jackson* in the guilty plea context:

" 'As in the case of ineffective assistance of counsel, an allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record on review which shows that his plea was voluntary. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing.'

"We find this rationale persuasive. Accordingly, we hold that a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim. R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises."

Defendant failed to meet his initial burden required by *Jackson* and *Kapper*. In the original plea proceedings, defendant nowhere expressed reliance on a promise that he would receive probation or a fear of perjured testimony. He answered the court that he understood the possible sentences outlined by the court, which made no reference to the possibility of probation. He denied that "anyone made any threats or any promises or offered any inducement whatsoever to [him] to get [him] to plead guilty to these four counts." He expressed his wish to plead guilty "with full understanding of the penalties provided by law for each crime."

When the court then asked if he had "any questions about anything," defendant said: "No, Your Honor, that I get probation." Thereafter, the court explained:

"Now, do you understand what probation is? Probation, when I refer this matter to the Probation Department for a pre-sentence investigation report, that means not that the Court is promising or

even indicating you will be placed on probation. It means that the Court is concerned with being fully informed at the time of sentencing, so that the Court may do a more perfect performance of his duties to all concerned here at the time of sentencing. It will behoove you to be cooperative with the Probation Department and to answer their questions and to appear on time. The Court will return this matter to the Probation Department for a pre-sentence investigation and report and the defendant will continue on the same bail.''

Neither defendant nor his counsel expressed any surprise or concern about this disposition language.

At the sentencing hearing five weeks later, defense counsel argued that the court should grant defendant probation. The court then discussed defendant's status with defendant and his counsel:

"THE COURT: Dr. Poland, is there anything you wish to say to this Court as to why sentence should not now be pronounced against you or anything else that you would like to say in mitigation or explanation of your conduct which brought you to this court?

"DR. POLAND: I still claim to be innocent, but only pleading guilty to get away from a jail term and surrender my license and everything, Your Honor.

"THE COURT: Dr. Poland, at the time that you entered your pleas of guilty in this case, you acknowledged before the Court and on the record, that there were no promises with regard to —

"DR. POLAND: No promises.

"THE COURT: With regard to a jail term, is that correct?

"DR. POLAND: I did it in order to have a better chance to get away from a jail term.

"MR. NITTSKOFF [Defense counsel]: Your Honor he is speaking with respect to the fact that certain counts of the indictment require mandatory jail sentences and those are not the pleas that were forthcoming.

"THE COURT: Those are not before the Court at this time.

"MR. NITTSKOFF: Exactly."

Defendant provided the trial court with no evidentiary materials to contradict his record responses in the plea and sentencing proceedings. Consequently, the trial court properly denied his request for relief without any further evidentiary hearing.

Defendant attached a purported copy of a letter from his counsel to his reply brief in this court. We are not permitted to consider that letter, since we are limited to matters presented to the trial court and contained in the appellate record. However, we note that his counsel's letter simply expresses trial strategy concerns about the relative effectiveness of favorable and adverse witnesses. It does not assert that counsel had knowledge that any witness would have given perjured testimony, as defendant claims.

Defendant's two assigned errors lack merit.[1] The trial court's judgment is affirmed.

*Judgment affirmed.*

JACKSON and PRYATEL, JJ., concur.

---

[1] At oral argument for this appeal, defendant appeared personally without counsel. He urged this court to reverse the ruling on his post-conviction petition, vacate his convictions, and dismiss all charges against him. Even if we agreed with defendant's contentions, we would have no authority to vacate his convictions and to dismiss the charges. If his post-conviction petition had merit, he could obtain at most a new trial on the original fifty-six charges.