JOURNAL ENTRY AND OPINION
Carlos Chavis appeals from a judgment of the common pleas court which denied his petition for post-conviction relief arising from his claim that his guilty pleas to two counts of felonious assault and one count of failure to comply with an order of a police officer had not been knowingly, intelligently, and voluntarily entered. On appeal, he asserts that the court erred by 1) failing to address each claim in his petition for post-conviction relief, 2) denying his petition without a hearing, and 3) failing to inform him of the basis of its decision. After examining the record on appeal, we affirm the decision of the trial court.
In January 1998, the grand jury indicted Chavis for aggravated burglary, two counts of felonious assault and failure to comply with an order of a police officer, in connection with breaking into Natalie Youngblood's apartment and removing his property and some of her property from there. Chavis pled guilty to two counts of felonious assault and one count of failure to comply, and the state nolled the remaining charges. On June 30, 1998, the court sentenced him to concurrent terms of seven years on each of the felonious assault charges and eighteen months on the charge of failure to comply with an order of a police officer. Chavis never appealed.
Although he did not file a direct appeal of his plea following his sentencing, he submitted a pro se petition to vacate or set aside his sentence, alleging that his guilty plea had been induced by defense counsel's assertion that he would be eligible for shock probation or parole. On July 21, 1999, the trial court denied post-conviction relief without a hearing and Chavis timely appeals from that order, setting forth three assignments of error for our review.
 I. THE TRIAL COURT ERRED BY NOT ADDRESSING ALL CLAIMS RAISED IN DEFENDANT-APPELLANT'S PETITION FOR POST CONVICTION RELIEF.
Chavis maintains the court erred when it failed to address each claim he raised in his petition for post-conviction relief, and specifically, when it failed to address his claims of ineffective assistance of counsel.
The state maintains that it is not mandatory that the court discuss every issue an appellant raises when entering its findings of fact and conclusions of law.
The issue presented for our review concerns whether the trial court's findings of fact and conclusions of law satisfy the requirements of R.C. 2953.21.
R.C. 2953.21(A)(1) permits a defendant to file a petition stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence. Additionally, R.C. 2953.21(C) provides that if a court dismisses a petition for post-conviction relief, it must make findings of fact and conclusions of law.
In State v. Lester (1975), 41 Ohio St.2d 51, the court determined that findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition in order to apprise a petitioner of the grounds for the judgment and to enable the appellate courts to properly determine appeals in such a cause.
Further, the court in State v. Calhoun (1999), 86 Ohio St.3d 291, stated:
 A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion. State v. Clemmons
(1989), 58 Ohio App.3d 45 * * *.
The court stated in its judgment entry:
 Defendant-petitioner alleges his plea was involuntary. Defendant refer's (sic) to his only documentation in support of this claim as defendant's letter to his counsel. Defendant's letter alone is insufficient to warrant post conviction relief. State v. Kapper (1983), 5 Ohio St.3d 36; State v. Poland
(1984), 16 Ohio App.3d 303 . A review of the transcript of the guilty plea and sentence shows the plea was made knowingly and voluntarily. Defendant's claim of being misled as to his sentence is contradicted by the record.
Upon review, we conclude that the entry in this case satisfies the requirements of R.C. 2953.21. Accordingly, this assignment of error is overruled.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT-APPELLANT'S PETITION FOR POST CONVICTION RELIEF, WITHOUT A HEARING.
 III. THE TRIAL COURT'S RULING IS INADEQUATE AND LACKS ANY SPECIFIC REASONS TO SUPPORT ITS RULING.
Chavis maintains the court abused its discretion by denying his petition for post-conviction relief without a hearing and by failing to adequately inform him of the basis of its denial of his petition for post-conviction relief.
The state maintains, however, that the law does not require the court to hold an evidentiary hearing and that the court's ruling did inform Chavis of the basis of its denial of his petition.
Thus, we concern ourselves with whether the trial court abused its discretion when it denied the petition for post-conviction relief without a hearing and whether the findings of fact and conclusions of law adequately informed Chavis of the reasons for the court's denial of his petition.
R.C. 2953.21(C) directs a court to determine whether there are substantive grounds for relief before granting a hearing. Further, section (E) provides that a court shall hold a hearing only when the petition, the files, and the record of the case show the petitioner is not entitled to relief.
In Calhoun, supra, the court stated:
 According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief (R.C. 2953.21[C]), i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1). (citations omitted).
Because an evidentiary hearing is not required under R.C.2953.21, "the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits and the files and records to this cause." State v. Jackson (1980), 64 Ohio St.2d 107. Entitlement to a hearing depends on whether the petitioner presented evidence that contained "sufficient operative facts" supporting the alleged grounds for relief. Id. at 111.
After reviewing the facts in this case, we conclude the trial court did not abuse its discretion when it denied the post-conviction relief without holding a hearing. No substantive grounds existed for relief necessitating a hearing. Accordingly, these assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and JAMES D. SWEENEY, J., CONCUR.
 ___________________ PRESIDING JUDGE TERRENCE O'DONNELL