OPINION AND JOURNAL ENTRY
This cause comes on appeal from a judgment of the Mahoning County Common Pleas Court dismissing pro-se appellant's petition for postconviction relief.
It may be gleaned from the record before this court that on March 21, 1974, appellant pled guilty to a charge of receiving stolen property. On June 3, 1974, appellant was placed on probation for five years. There was no direct appeal taken from the sentence that was imposed.
On April 12, 1990, pro-se appellant filed a petition for postconviction relief contending that he was not advised of his constitutional rights prior to entering the guilty plea, that the plea was not knowingly and voluntarily entered and that the trial court used an illegal conviction in sentencing him.
In finding no substantive grounds for relief and the failure to raise a constitutional issue, the trial court concluded:
 "1. Pursuant to State v. Perry, the issues raised by the Defendant-Petitioner are res judicata since all of those issues could have been raised on direct appeal. (1967), 10 Ohio St.2d 175. See also, State v. Cole
(1982), 2 Ohio St.3d 112.
 "2. Since all of the issues raised by the Defendant-Petitioner could have been litigated on direct appeal, he is now barred from raising these issues in post conviction relief.
 "3. The Defendant-Petitioner did not support his petition with any supporting affidavits. Pursuant to State v. Pankey, no evidentiary hearing is required when nothing is offered except `broad conclusory statements.' (1981), 68 Ohio St.2d 68. Further, a court is permitted to deny a post conviction relief petition without holding an evidentiary hearing if the petition is not supported by additional evidentiary material. State v. Poland (1984), 16 Ohio App.3d 303. The Defendant-Petitioner offered no evidentiary documents to refute the plea of guilty form executed by him."
For the reasons that follow we affirm the judgment of the trial court.
Pursuant to R.C. 2953.21(A)(1):
 "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
The standard to apply in determining merit to a postconviction petition is well settled in the law. As noted in State v. Davis (1999),133 Ohio App.3d 511, 515:
 "It is well settled that a petition for postconviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. State v. Walden
(1984), 19 Ohio App.3d 141, 146, 19 OBR 230, 235-236, 483 N.E.2d 859, 865-866. Under the doctrine of res judicata, a final judgment of conviction bars a defendant who had counsel from litigating in any proceeding, except an appeal from that judgment, any defense or claim of lack of due process that was raised or could have been raised at trial or on direct appeal. State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d, paragraph nine of the syllabus. Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's findings on a petition for postconviction relief that are supported by competent and credible evidence. State v. Mitchell (1988), 53 Ohio App.3d 117, 119, 559 N.E.2d 1370. `Abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 172-173, 404 N.E.2d 144, 148-149; State v. Keenan (1998), 81 Ohio St.3d 133, 137, 689 N.E.2d 929, 937."
Clearly, under the doctrine of res judicata appellant is barred from raising any claimed lack of due process or defense which could have been raised on a direct appeal after his 1974 conviction. See State v. Perry
(1967), 10 Ohio St.2d 175. Appellant chose not to challenge his 1974 conviction until sixteen years later, when he filed his postconviction petition. As recently stated by the Ohio Supreme Court in State v.Szefcyk (1996), 77 Ohio St.3d 93, 95:
 "There is no merit to appellee's claim that res judicata has no application where there is a change in the law due to a judicial decision of this court. Res judicata is applicable in all postconviction relief proceedings. Our holding today underscores the importance of finality of judgments of conviction. `"[P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." * * *'"
The Szefcyk court went on to hold:
 "We, therefore, reaffirm our holding in Perry that a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment. We approve of and follow paragraph nine of the syllabus of State v. Perry, supra."
Upon an examination of the record before this court we find that the trial court did not abuse its discretion in dismissing the petition for postconviction relief.
Judgment affirmed. Costs taxed against appellant.
Donofrio, J., concurs, Vukovich, J., concurs, Waite, J., concurs.