JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, Barry Gauntt ("appellant"), appeals the trial court's denial of his petition for post-conviction relief. Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court.
 I. {¶ 2} On September 25, 1991, appellant was indicted on six counts of gross sexual imposition, with violence specifications on all counts. On April 15, 1992, the jury trial ended and appellant was convicted on four counts of gross sexual imposition in violation of R.C. 2907.05, and sentenced to a term of indefinite incarceration for a period of four to ten years on each count, with two of the counts to run consecutively.
 {¶ 3} In order to provide additional clarification and alleviate some possible confusion, a short procedural history regarding appellant's case is discussed below. After being convicted, appellant filed an appeal with this court, State v. Gauntt ("Gauntt I"), Cuyahoga App. No. 63792. In September of 1993, this court affirmed the trial court's conviction, but remanded the case for resentencing. On remand, the trial court complied with this court's decision; however, the remand resulted in a sentence of the same duration. Appellant appealed the trial court's decision again, State v. Gauntt ("Gauntt II"), Cuyahoga App. No. 66791; this court overruled appellant's argument in Gauntt II.
 {¶ 4} More recently, appellant filed an appeal with this court regarding his sexual predator classification, captioned State v. Gauntt
("Gauntt III"), Cuyahoga App. No. 82175, 2003-Ohio-4942. The Gauntt III appeal was filed on December 12, 2002 and is not directly related to this appeal, State v. Gauntt ("Gauntt IV"), Cuyahoga App. No. 82755, 2003-Ohio-___. Although the majority of the appeals above involve separate claims, all of the above cases originate from the same lower court case, case number CR-269619.
 {¶ 5} In the case sub judice, appellant is appealing the denial of his petition for post-conviction relief.
 II. {¶ 6} Appellant's first assignment of error states: "R.C. §1.58(A)(1), (2), (4), Ohio Saving Clause Statute preserves the right of a petitioner convicted, and sentenced prior to the enactment of S.B. 4, to file a post conviction petition at any time, and the saving clause statute prohibits any amendment to R.C. 2953.21 from removing that right, especially when the legislature removed the time limit."
 {¶ 7} Am.Sub.S.B. No. 4 (Ohio 1995) amended the post-conviction relief statute. R.C. 2153.21(A)(2) now provides that a petition for post-conviction relief must be filed no later than 180 days after the date which the trial transcript is filed in the court of appeals in a direct appeal to the judgment of conviction or adjudication, subject to the exceptions set forth in R.C. 2953.23. Post-conviction relief petitionsfiled by persons sentenced prior to September 21, 1995 must be filedwithin the time requirement set forth in R.C. 2953.21(A)(2), or withinone year of the effective date of the act, whichever is later. Emphasis added. State v. Creech, Scioto App. No. 96CA2476. R.C. 2953.21(A)(1) and (A)(2) states the following:
"R.C. § 2953.21 Petition for postconviction relief.
 "(A)(1) Any person who has been convicted of a criminal offense oradjudicated a delinquent child and who claims that there was such adenial or infringement of the person's rights as to render the judgmentvoid or voidable under the Ohio Constitution or the Constitution of theUnited States may file a petition in the court that imposed sentence,stating the grounds for relief relied upon, and asking the court tovacate or set aside the judgment or sentence or to grant otherappropriate relief. The petitioner may file a supporting affidavit andother documentary evidence in support of the claim for relief.
 "(2) A petition under division (A)(1) of this section shall be filed nolater than one hundred eighty days after the date on which the trialtranscript is filed in the court of appeals in the direct appeal of thejudgment of conviction or adjudication or, if the direct appeal involvesa sentence of death, the date on which the trial transcript is filed inthe supreme court. If no appeal is taken, the petition shall be filed nolater than one hundred eighty days after the expiration of the time forfiling the appeal."
 {¶ 8} Appellant in this case was sentenced on May 6, 1992, prior to September 21, 1995. Therefore, R.C. 2953.21, as amended in Section 3, Am.Sub.S.B. No. 4, controls this situation and provides the following: "The General Assembly provided a different time limit for filing post-conviction relief petitions by those sentenced before September 21, 1995: `A person who seeks post-conviction relief pursuant to Sections2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in Division (A)(2) of Section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.'" Statev. Moore, Pike App. No. 01CA674, 2002-Ohio-5748 at p. 10, quoting Section 3, Am.Sub.S.B. No. 4; 146 Ohio Laws, Part IV, 7815, 7826.
 {¶ 9} "The trial court lacked jurisdiction to determine the issues raised in appellant's petition unless one of the exceptions to the time requirement within R.C. 2953.23(A) applied." State v. Hayden, Franklin App. No. 3984.
 {¶ 10} In the present case, appellant was originally sentenced on May 6, 1992 and resentenced on December 21, 1993; both dates are prior to the effective date of Am.Sub.S.B. No. 4, September 21, 1995. According to R.C. 2953.21 as amended under Am.Sub.S.B. No. 4 (Ohio 1995), if the defendant was sentenced prior to September 21, 1995, the effective date of amended R.C. 2953.21, he had one year following September 21, 1995 in which to file his petition. Appellant, in the case at bar, did not file his petition for post-conviction relief until July 10, 2002, well after the one year September 23, 1996 deadline. Accordingly, appellant's petition was not filed in a timely fashion. Appellant's first assignment of error is denied.
 III. {¶ 11} Appellant's second assignment of error states: "Appellant was denied the effective assistance of counsel, by counsel's failure to adequately prepare, and investigate a legal defense to the imposition of an indefinite sentences [sic]; where appellant had not previously been convicted of any offense of violence."
 {¶ 12} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 13} Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 14} Res judicata is a proper basis upon which to dismiss without hearing a R.C. 2953.21 petition for post-conviction relief. Under the doctrine of res judicata, a final judgment of conviction bars aconvicted defendant who was represented by counsel from raising andlitigating in any proceeding except an appeal from that judgment, anydefense or any claimed lack of due process that was raised or could havebeen raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. Emphasis added. State v. Cole (1982), 2 Ohio St.3d 112.
 {¶ 15} Appellant in this case could have raised his claim of ineffective assistance of counsel on his first appeal, as he had different appellant counsel from his trial counsel. Therefore, appellant is barred by the doctrine of res judicata from asserting this issue on appeal.
 {¶ 16} However, even assuming arguendo that appellant's claim is not barred by the doctrine of res judicata, his claim of ineffective assistance of counsel is still without merit. Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness. Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. Statev. Poland (1984), 16 Ohio App.3d 303.
 {¶ 17} Appellant in this case failed to submit evidentiary documents containing sufficient operative facts to demonstrate the alleged lack of competent counsel and to show that he was prejudiced by the alleged ineffectiveness. It is easy for the appellant to look back at his case in hindsight and make broad statements disagreeing with strategic decisions made by his attorney. Furthermore, self-serving statements made by defense counsel that he or she would like more time to prepare for a case are common and do not constitute ineffective assistance of counsel.
 {¶ 18} As previously stated, appellant did not make his ineffective assistance of counsel claim in the proper manner and it is barred by the doctrine of res judicata. Appellant's second assignment of error is not well taken.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., P.J. and JOHN T. PATTON, J. concur.
Sitting by assignment, Judge John T. Patton, Retired, of the Eighth District Court of Appeals.