THE STATE OF OHIO, APPELLEE, *v.*
MITCHELL, APPELLANT.

(No. 53585—Decided
May 9, 1988.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellee.
*Paul Mancino, Jr.,* for appellant.

J. V. CORRIGAN, J. The petitioner-appellant, Leon Mitchell, appeals the trial court's dismissal of his petition for post-conviction relief.

On December 17, 1982, the appellant was indicted for murder, in violation of R.C. 2903.02, following the November 26, 1982 death of Sam Serenas from gunshot wounds. The appellant pleaded not guilty. On November 9, 1983, following a trial by jury, the appellant was found guilty of murder and was sentenced to a term of imprisonment for fifteen years to life.

Mitchell appealed his conviction, contending that the jury's verdict of murder was against the manifest weight of the evidence, since, he claimed, he had proven self-defense by a preponderance of the evidence. The court of appeals found no such error and affirmed the trial court's conviction in *State* v. *Mitchell* (Oct. 25, 1984), Cuyahoga App. No. 48039, unreported. The Supreme Court overruled the appellant's motion for leave to appeal the court of appeals' decision. Throughout his direct appeals, the appellant continued to be represented by his trial counsel.

On May 19, 1986, the appellant, represented by new counsel, filed his petition for post-conviction relief, claiming that his constitutional rights were denied through ineffective assistance of counsel at trial and on direct appeal. On August 7, 1986, the trial court dismissed the appellant's petition and, on February 27, 1987, the court filed its findings of fact and conclusions of law.

The petitioner-appellant now appeals, bringing two assignments of error:

"I. The court committed prejudicial error in holding that Section 2953.21 of the Ohio Revised Code is not a proper form [*sic*] for addressing ineffective assistance of counsel on appeal.

"II. Petitioner was denied the effective assistance of trial and appellate counsel in this case and was entitled to post-conviction relief."

These assignments of error are overruled. Since they are interrelated, they will be addressed together.

The appellant claims that the trial court erred in finding that the post-conviction remedies provided by R.C. 2953.21 are not available to redress claims of ineffective assistance of appellate counsel. We find no such error.

The United States Constitution

assures the right to the effective assistance of counsel on a criminal defendant's first appeal as of right. *Evitts* v. *Lucey* (1985), 469 U.S. 387, 392-407. Accordingly, we agree that in this case the petitioner-appellant enjoys a constitutionally ensured right to the effective assistance of counsel on direct appeal. Nonetheless, we find that R.C. 2953.21 does not provide a state statutory remedy to address the appellant's claim that he was denied the effective assistance of appellate counsel.

R.C. 2953.21 was originally enacted by the Ohio Legislature to provide a state remedy to attack a *judgment of conviction* where such judgment was based on a denial of the prisoner's constitutionally ensured rights. See *Freeman* v. *Maxwell* (1965), 4 Ohio St. 2d 4, 33 O.O. 2d 2, 210 N.E. 2d 885. Post-conviction remedies are available to any person convicted of a criminal offense upon a showing "that there was such a denial or infringement of his rights as to render the judgment *void* or *voidable* under the Ohio Constitution or the Constitution of the United States." (Emphasis added.) R.C. 2953.21. See, also, *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 39 O.O. 2d 189, 226 N.E. 2d 104, paragraph four of the syllabus.

Furthermore, where the trial court finds such a constitutional deprivation so as to render a judgment of conviction void or voidable, R.C. 2953.21(G) provides that the court "shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a prisoner in custody, shall discharge or resentence him or grant a new trial as may appear appropriate."

In *Perry, supra,* paragraph five of the syllabus, explains: "A judgment of conviction is void within the meaning of Section 2953.21 *et seq.,* Revised Code, if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter.* * *" The court also construed the term "voidable," as used in R.C. 2953.21, to implicate "voidable judgments of conviction."[1] *Id.* at 179-180, 39 O.O. 2d at 192, 226 N.E. 2d at 108.

The appellant argues that post-conviction remedies provided by R.C. 2953.21 are available to redress the denial of constitutionally ensured rights at the appellate level. We disagree.

Should Ohio's statute providing for post-conviction remedies be applicable to appellate court decisions, either of two patently unacceptable results follows: in effect, the criminal defendant would either be petitioning the trial court (1) to render its own judgment of conviction void or voidable due to the denial of constitutional guarantees at the appellate level, or (2) to render the judgment of the superior appellate court void or voidable due to the denial of constitutional guarantees at the appellate level. We find that neither of these results is acceptable; both are clearly outside the purview of the Ohio Legislature in its enactment of R.C. 2953.21 *et seq.* An appellate court decision found to be constitutionally wanting by a trial court will not render a trial court's judgment of conviction void or voidable; a trial court is not empowered to render an appellate court decision void or voidable.

---

[1] The Sixth Circuit has found: "An examination of [R.C. 2953.21 to 2953.24] reveals that they were designed to test the validity of a judgment of conviction and to vacate and set aside the sentence where the judgment was void or voidable." *Rose* v. *Haskins* (C.A.6, 1968), 388 F. 2d 91, 97; see, also, *Olney* v. *Green* (N.D. Ohio 1965), 247 F. Supp. 368, 369 (testing "constitutional defects in a conviction").

In *State* v. *Rone* (Aug. 31, 1983), Hamilton App. No. C-820640, unreported, the Court of Appeals for Hamilton County addressed the applicability of Ohio's post-conviction remedies to appellate court judgments. The court determined at 6:

"[A] meritorious claim of ineffective assistance of *appellate* counsel can, in no way, be construed to render a judgment of conviction void * * *. Moreover, we seriously question whether such a claim would make the trial court's judgment voidable in the sense that it would require that the conviction be vacated and set aside." (Emphasis *sic*.)

The court further determined at 7:

"[T]he jurisdiction of an intermediate appellate court is superior to that of a trial court, and a trial court may take no action to impede or impinge upon the jurisdiction of a reviewing court * * * by ordering a new appeal, nor does it have the power, as an inferior tribunal, to vacate or set aside a judgment of the court of appeals."

Accordingly, we find that R.C. 2953.21 provides for post-conviction remedies to redress constitutionally void or voidable judgments of conviction. The Ohio statute does not provide a remedy to redress state appellate court decisions claimed to result in the denial of constitutionally ensured guarantees. Therefore, we find that the trial court properly dismissed the appellant's claim of ineffective assistance of appellate counsel brought before the court on his petition for post-conviction relief.

On appeal, the appellant also claims that the trial court erred in denying him post-conviction relief due to the ineffective assistance of trial counsel. We find no such error.

In this appeal, the appellant contends that counsel's failure to object to the court's instructions on the issue of intent was improper and prejudicial. He also contends that counsel's failure to object to the court's failure to instruct the jury on the lesser included offense of voluntary manslaughter was unfairly prejudicial. We disagree with these contentions, finding that a trial attorney does not violate any substantial duty in failing to make futile objections.

After reviewing the merits of the appellant's ineffective assistance claim, the trial court determined that "Petitioner fails to demonstrate a substantial violation of defense counsel's duties." Absent a showing of abuse of discretion, a reviewing court will not overrule the trial court's finding on a petition for post-conviction relief which is supported by competent and credible evidence.

In Ohio, a properly licensed attorney is presumed competent. *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299, 31 O.O. 2d 567, 209 N.E. 2d 164. One claiming ineffective assistance of counsel bears the burden of demonstrating that there has been a substantial violation of an essential duty owed to him by counsel and that he has been thereby prejudiced. *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 2 O.O. 3d 495, 358 N.E. 2d 623; see, also, *Strickland* v. *Washington* (1984), 466 U.S. 668, 688.

In this case, the appellant's trial counsel moved the court for an acquittal of the murder charge against the defendant and requested that the jurors deliberate on the lesser included offense of voluntary manslaughter, R.C. 2903.03. After overruling the motion, the court complied with the prosecutor's request and refrained from instructing the jury on voluntary manslaughter.

An instruction on a lesser included offense is appropriate only where "the trier of fact can find for the defendant and against the state on some element of the greater offense which is not re-

quired to prove the commission of the lesser offense and for the state on the elements required to prove the commission of the lesser offense." *State* v. *Solomon* (1981), 66 Ohio St. 2d 214, 20 O.O. 3d 213, 421 N.E. 2d 139, paragraph two of the syllabus. Thus, it is within the discretion afforded a trial court to refuse to instruct the jury on a lesser included offense. Absent a showing of abuse of discretion, the court's jury instruction stands.

In the instant case, the record demonstrates that the trial court was acting within the bounds of its discretion in determining not to instruct the jury on voluntary manslaughter. The appellant has failed to demonstrate that counsel violated a substantial duty in failing to object to the absence of the instruction. Furthermore, even if there had been such a duty, the appellant has failed to demonstrate that he was thereby prejudiced. See *Lytle, supra.*

We further find that the appellant has failed to effectively demonstrate that trial counsel violated any substantial duty in failing to object to the court's instructions on causation and intent to kill. In its dismissal of the appellant's petition, the court stated:

"Likewise, any requested instruction that the State prove specific intent would have been contrary to the law of Ohio and summarily overruled. Petitioner was charged with murder in violation of Ohio Revised Code, Section 2903.02. The statute prohibits the purposeful killing of another. The jury was appropriately instructed on the meaning of purposefulness. An instruction concerning a defendant's specific intent is only proper when a defendant is charged with aggravated murder in violation of Ohio Revised Code, Section 2903.01. See, Ohio Revised Code, Section 2903.01(D)."

Accordingly, we find that the charge to the jury was proper. Furthermore, the appellant has failed to

demonstrate unfair prejudice. On direct appeal, this court reviewed the record and determined that the jury's verdict was supported by the manifest weight of the evidence. Had counsel objected to the instruction, the weight of the evidence would have nonetheless sustained the verdict. Therefore, we find no prejudice.

Accordingly, we affirm the trial court's dismissal of the petitioner-appellant's petition for post-conviction relief made pursuant to R.C. 2953.21.

*Judgment affirmed.*

NAHRA, C.J., and CARDINAL, J., concur.

JOHN G. CARDINAL, J., of the Ashtabula County Court of Common Pleas, sitting by assignment.