OPINION
Appellant Patrick Ayers is appealing the decision of the Licking County Court of Common Pleas that denied his petition for postconviction relief. The following facts give rise to this appeal.
On February 21, 1997, the Licking County Grand Jury indicted appellant on two counts of rape, two counts of gross sexual imposition, one count of felonious penetration, two counts of sexual battery and one count of disseminating material harmful to a juvenile. Appellant entered pleas of not guilty to all eight counts on February 24, 1997.
On April 21, 1997, appellant filed a written waiver of his constitutional right to a jury trial and elected to have this matter tried to the trial court. Appellant's trial commenced on May 5, 1997. At the close of the state's case, appellant moved for a directed verdict of not guilty on all counts on the basis that the state failed to introduce sufficient evidence to go forward. The trial court overruled appellant's motion. Following the close of evidence, the trial court found appellant guilty of two counts of rape, one count of gross sexual imposition and one count of felonious sexual imposition. The trial court sentenced appellant accordingly.
On May 15, 1997, appellant filed a motion for new trial. The trial court denied appellant's motion on June 5, 1997. Appellant timely filed a notice of appeal to this Court. We affirmed appellant's conviction in part, reversed in part and affirmed on December 17, 1997.[1] Pursuant to our decision, on December 24, 1997, the trial court dismissed the felonious sexual penetration charge of the indictment.
On March 16, 1998, appellant filed an application for post-conviction relief. Following a hearing, the trial court overruled appellant's petition on May 4, 1998. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S APPLICATION FOR POST-CONVICTION RELIEF.
 I
Appellant contends, in his sole assignment of error, the trial court erred when it denied his petition for postconviction relief. We disagree.
We begin our analysis by addressing the trial court's application of the doctrine of res judicata. The trial court commented that "* * * now having reviewed the outside evidence * * * it is not new or different from the evidence presented at trial." Judgment Entry, April 27, 1998, at 4. The trial court concluded res judicata operated to bar appellant's petition for postconviction relief because ultimately, appellant could have argued ineffective assistance of counsel on appeal. Id.
We find the doctrine of res judicata is not applicable because appellant sought to introduce evidence dehors the record. Although the trial court ultimately concluded the evidence, outside the record, that appellant introduced at his hearing for postconviction relief, was duplicative, this did not change the fact that this evidence was still dehors the record. A petition for postconviction relief is the appropriate remedy for ineffective assistance of counsel claims based on facts dehors the record. See State v. Gibson (1980), 69 Ohio App.2d 91. Therefore, we conclude appellant's petition for postconviction relief was not barred by the doctrine of res judicata.
In reviewing the trial court's denial of appellant's petition for postconviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Delgado
(May 14, 1998), Cuyahoga App. No. 72288, unreported, citing Statev. Mitchell (1988), 53 Ohio App.3d 117. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's assignment of error.
Appellant sets forth two arguments in support of his sole assignment of error. First, appellant maintains defense counsel failed to prepare sufficiently for the instant case and defense counsel's conduct of interviewing the witnesses on the day of trial is sufficient to trigger the "presumption of prejudice" announced in U.S. v. Cronic (1984), 466 U.S. 648 and addressed by the Ohio Supreme Court in the case of State v. Johnson (1986),24 Ohio St.3d 87. Second, appellant contends he was also denied effective assistance of counsel under the standard contained inStrickland v. Washington (1984), 466 U.S. 668. In support of this argument, appellant refers to defense counsel's failure to explore with the witnesses, identified by appellant, either before trial or on the stand, the issue of appellant's relationship with his step-daughter prior to and after appellant's misconduct.
We will first address the issue of whether the "presumption of prejudice" set forth in Cronic is applicable to the case subjudice. In Cronic, the United States Supreme Court recognized an exception to the two-pronged "cause-and-prejudice" test contained in Strickland. In Cronic, the Supreme Court stated "there are `occasions when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.'" Johnson at 89, fn. 4, citingCronic at 659-660.
In Johnson, based upon defense counsel's conduct during the mitigation phase of a death penalty case, the Ohio Supreme Court found defense counsel's failure to make any investigation whatsoever triggered the "presumption of prejudice" outlined inCronic. The Court explained that:
 `counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' Id. at 691. A lawyer has a duty to investigate `the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. * * *" Johnson at 89, citing 1 A.B.A. Standard for Criminal Justice (1982 Supp.), No. 4-4.1.
We find the "presumption of prejudice" was not triggered, in this matter, as a result of defense counsel's failure to interview witnesses. In is clear from reading the Ohio Supreme Court's decision, in Johnson, that defense counsel totally failed to conduct any type of investigation on behalf of his client and only submitted defendant's unsworn statement during the mitigation phase of the defendant's trial. Defense counsel did not produce any witnesses or introduce any exhibits on behalf of his client.Johnson at 88. Based upon defense counsel's conduct in Johnson, the Ohio Supreme Court found the "presumption of prejudice" standard contained in Cronic was triggered by counsel's lack of preparation and failure to investigate. Id. at 90.
The facts in the matter currently before the Court differ sufficiently as not to trigger the "presumption of prejudice" standard contained in Cronic. Although appellant alleges defense counsel failed to adequately explore appellant's relationship with his step-daughter prior to and after appellant's misconduct with her, we find defense counsel's conduct was not as egregious as counsel's conduct in the Johnson case. In Johnson, defense counsel failed to conduct any investigation and only presented the defendant's unsworn statement during the mitigation phase of the defendant's death penalty trial. In the matter currently before the Court, defense counsel interviewed the witnesses, although not all of the witnesses identified by appellant. We agree with the trial court that defense counsel's conduct, in this matter, differs sufficiently so as not to trigger the "presumption of prejudice" standard contained in Cronic.
Having found Cronic inapplicable, we will review appellant's allegations of ineffective assistance of counsel as contained inStrickland. Ohio adopted the standard contained in Strickland in the case of State v. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
Under the first prong of Strickland, we find defense counsel's performance fell below an objective standard of reasonable representation and violated essential duties owed to appellant. Defense counsel failed to call, as witnesses, various persons identified by appellant whom he claims would have testified to not observing any changes in the behavior of appellant's step-daughter during the time of the sexual abuse. We find such conduct, by defense counsel, violates the first prong ofStrickland
We must next determine whether appellant was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. Appellant's claim of ineffective assistance of counsel fails under this second prong because there is no evidence that the outcome of the trial would have been otherwise. None of the witnesses appellant sought to present, at trial, had any special training in recognizing sex abuse and therefore, their observations concerning appellant's step-daughter's behavior would not have effected the outcome of appellant's trial.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
[1] State v. Ayers (Dec. 17, 1997), Licking App. No. 97 CA 58, unreported.