Defendant, William Watkins, appeals from a September 24, 1998 decision of the Franklin County Court of Common Pleas denying his motion for post-conviction relief.
On November 21, 1989, a Franklin County jury found defendant guilty of felonious assault with a firearm. Defendant appealed, and this court affirmed defendant's conviction on August 30, 1990. State v. Watkins (Aug. 30, 1990), Franklin App. No. 90AP-15, unreported (1990 Opinions 3599). On January 30, 1991, the Ohio Supreme Court declined further review. State v.Watkins (1991), 57 Ohio St.3d 713.
Defendant filed his first motion for post-conviction relief on May 22, 1992. Therein, defendant alleged that he had received ineffective assistance of trial counsel as a result of counsel's alleged failure to call certain witnesses during the course of defendant's trial. Defendant's first motion was denied by the trial court on September 14, 1992, from which no appeal was taken. However, on January 30, 1996, defendant filed a second motion for post-conviction relief, again alleging that he was denied effective assistance of trial counsel. The trial court held an evidentiary hearing on defendant's second petition on December 12, 1996. At the conclusion of that hearing, the trial court issued another decision in which it concluded that defendant's trial counsel had been effective. Defendant now appeals raising the following assignment of error.
 The trial court erred by finding that the defense counsel did not substantially violate his essential duty to his client by failing to thoroughly investigate the facts before trial, and by failing to interview and subpoena witnesses that would have assisted the defense to the indictment.
A defendant who moves for post-conviction relief on the basis of ineffective assistance of counsel bears the burden of demonstrating the lack of competent counsel and prejudice as a result thereof. State v. Pankey (1981), 68 Ohio St.2d 58. Specifically, a defendant must demonstrate under the prevailing professional norms, that his or her counsel was not acting as the counsel guaranteed by the Sixth Amendment to the United States Constitution. See Strickland v. Washington (1984),466 U.S. 668, 686.
Assuming a defendant has come forward with evidence sufficient to warrant a hearing, a petition for post-conviction relief brought pursuant to R.C. 2953.21 will be granted only where the denial or infringement of a constitutional right is so substantial as to render the judgment void or voidable.State v. Walden (1984), 19 Ohio App.3d 141, 146. Absent an abuse of discretion, a reviewing court will not overrule a trial court's findings on a petition for post-conviction relief which is supported by competent and credible evidence. State v.Mitchell (1988), 53 Ohio App.3d 117, 119. An abuse of discretion is more than an error of law or judgment, it occurs when the court's discretion is exercised in an unreasonable, arbitrary or unconscionable manner. State v. Adams (1980),62 Ohio St.2d 151, 157.
While defendant appeals the denial of his second petition for post-conviction relief, defendant has not provided the court with a transcript of the evidentiary hearing. As correctly noted by plaintiff, without a transcript of the evidentiary hearing defendant cannot demonstrate any error or irregularity in connection with the trial court's decision. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. It is well-settled that it is the appellant's duty to provide and file a transcript of the proceedings which occurred below. As noted by the Ohio Supreme Court, this is necessarily so because the appellant bears the burden of showing error by reference to matters contained within the record. Id. at 99. As this court noted in State v. Morgan (Nov. 21, 1995), Franklin App. No. 95APA03-382, unreported (1995 Opinions 4955, 4958):
 In this postconviction appeal, appellant has not provided a transcript of the evidentiary hearing held on March 10, 1995. Without the transcript, appellant cannot show that any error or irregularity occurred in the trial court. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. A presumption of regularity applies to the trial court's denial of the post-conviction petition, and appellant has shown us nothing to overcome the presumption * * *.
Having reviewed the trial court's written decision, we find no error on the face of the decision. As defendant has provided no transcript from which to show error in the underlying proceeding, we must overrule defendant's assignment of error.
Accordingly, pursuant to Morgan, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas dismissing defendant's second petition for post-conviction relief is affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.