OPINION
Defendant-appellant Lonny Lee Bristow appeals from the February 18, 2000, Judgment Entry of the Richland County Court of Common Pleas overruling his Petition to Vacate Sentence or Set Aside Sentence and Conviction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 7, 1994, appellant was indicted on eleven counts of telephone harassment, in violation of R.C. 2917.21(A)(1), each a fourth degree felony. On January 23, 1995, appellant appeared before the Common Pleas Court of Richland County and entered a plea of guilty to each of the 11 counts, pursuant to a plea agreement. Thereafter on January 25, 1995, appellant was sentenced to a term of incarceration of eighteen months on counts 1 through 5 to be served concurrently. Counts 6 — 11 were ordered to be served concurrent with each other but consecutive to Counts 1 — 5. However, the prison sentence for Counts 6 — 11 were suspended. After serving the eighteen months he was to be placed on probation for three years on counts 6 through 11. However, on May 24, 1996, subsequent to appellant's release from prison, appellant was brought before the trial court on a probation violation. As a result, probation was revoked. While appellant has filed several appeals on various issues arising from this conviction, ultimately, on January 27, 2000, appellant filed a Petition to Vacate or Set Aside Sentence and Conviction, pursuant to R.C. 2953.21. In the petition, appellant alleged that his trial counsel was ineffective for the following reasons: (1) his counsel did not investigate the case and did not file for discovery; (2) trial counsel failed to file a motion to reduce the charges to a single misdemeanor; and (3) his trial counsel failed to motion the trial court to reduce the eleven felony counts to a single misdemeanor count. On February 18, 2000, the trial court overruled appellant's motion without a hearing. In the trial court's opinion, the trial court noted that: Inmate Bristow, no rookie to such matters, came before this Court represented by competent counsel and made an advised, knowing and voluntary plea to eleven (11) counts of [sic] fourth degree felony. Mr. Bristow knew full well that he could have been sentenced to eighteen (18) months on all charges for a total of two hundred sixty-eight (268) months and that he could have been fined Twenty-Seven Thousand Five Hundred Dollars ($27,500.00). Because of the good offices and work by Attorney Robinson, Mr. Bristow was sentenced to three (3) years in prison with no fine.
It is from the February 18, 2000, Judgment Entry that appellant presents this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO INVESTIGATE THE FACTS OF THE CASE; FILE ANY MOTIONS ON APPELLANT'S BEHALF OR DO ANYTHING WHATSOEVER EXCEPT NEGOTIATE A GUILTY PLEA, IN VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.
ASSIGNMENT OF ERROR II
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE A MOTION TO REDUCE THE ELEVEN (11) COUNTS OF TELEPHONE HARASSMENT PURSUANT TO R.C. 2917.21(A)(1) TO ONE MISDEMEANOR COUNT PURSUANT TO R.C. 4931.31 BASED UPON THE CONDUCT ALLEGED IN VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT(S) RIGHTS UNDER THE UNITED STATES CONSTITUTION.
ASSIGNMENT OF ERROR III
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE A MOTION TO REDUCE THE ELEVEN (11) COUNTS OF TELEPHONE HARASSMENT UNDER R.C. 2917.21 TO ONE COUNT UNDER R.C. 2917.21 [SIC] BASED UPON SAID STATUTE REQUIRES SEVERAL HARASSING CALLS TO BE ONE OFFENSE; IN VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION.
Although not addressed by the trial court or parties, we must initially consider whether appellant's Petition for Postconviction Relief, was timely filed. Appellant was convicted on January 25, 1995. At that time, a petitioner could file a postconviction relief petition at any time after his conviction. Senate Bill 4, codified in R.C. 2953.21, effective September 21, 1995, limited a petitioner's time in which a petition could be filed. Thereafter, a petitioner was required to filed a petition "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Appellant contends that because he was convicted before the effective date of S.B. 4, the restricted time period in which a petition can be filed does not apply to him. However, S.B. 4 contained a special provision which provided a time limit for filing postconviction relief petitions for defendants convicted prior to September 21, 1995. Section 3 of S.B. 4 stated: A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act . . . shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Therefore, appellant was required to file a petition for post conviction relief no later than September 21, 1996, or meet the requirements of R.C. 2953.21(A)(2), whichever is later. R.C. 2953.21(A)(2) provides that a petition must be filed no later than 180 days after the date on which the trial transcript is filed in the Court of Appeals. In this case, the record reveals that a timely, direct appeal was not taken. Thus, pursuant to the revised R.C. 2953.21(A)(2), appellant would have been required to file his petition in August, 1995. However, pursuant to S.B. 4, appellant would have been able to file his petition through September 21, 1996. Appellant's petition was filed January 27, 2000, over 3 years and five months after the deadline to file. Thus, pursuant to R.C. 2953.21(A), appellant's petition for postconviction relief was filed untimely. However, a petition for postconviction relief filed after the above-mentioned deadline may be considered by the trial court if appellant can meet the requirements of R.C. 2953.23. The R.C.2953.23 states, in pertinent part: [A] court may not entertain a petition filed after the expiration of the period prescribed in section (A) of [2953.21] unless both of the following apply: (1)(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief. . . . (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. . . .
R.C. 2953.23(A). In this case, appellant has not presented any evidence or indication that he was unavoidably prevented from obtaining the facts upon which he relies. Appellant presents only arguments as to how his counsel was deficient and a transcript from an unrelated trial conducted May 27 and 28, 1998, in the Court of Common Pleas of Crawford County, Ohio. Even if we were to consider the testimony in the transcript as information which appellant was unavoidably prevented from discovering until 1998, there is no justifiable reason for delay in filing the petition until 2000. Further, appellant's arguments regarding his attorney's conduct were available to appellant previously, in essence from the date of the plea, conviction and sentence, and we see no justifiable reason for his delay in presenting his claim. In conclusion, we find the allegations upon which appellant relies were available and could have been discovered at the time of trial or within the 180 days following the filing of the transcript in this court. Therefore, pursuant to R.C. 2953.21(A)(2) and R.C. 2953.23(A), appellant's Petition was untimely.
 I, II, III
However, the trial court chose to address the Petition. The trial court held that appellant was represented by competent counsel and made an advised, knowing and voluntary plea. Therefore, the trial court found that appellant was not entitled to relief. We will, therefore, address the issues presented in the Petition as well, notwithstanding that the trial court may not have had the authority to proceed pursuant to R.C.2953.23(A). In reviewing the trial court's denial of appellant's petition for postconviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Delgado (May 14, 1998), Cuyahoga App. No. 72288, unreported, citing State v. Mitchell (1988),53 Ohio App.3d 117, 559 N.E.2d 1370. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. It is based upon this standard that we review appellant's assignment of error. In his Petition and in each issue on appeal, appellant contends that his trial counsel was ineffective in representing him. However, appellant pled guilty to the eleven (11) challenged convictions. A plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing or voluntary. State v. Barnett (1991),73 Ohio App.3d 244, 249, 596 N.E.2d 1101. As a result, "to establish prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Bishop (Mar. 9, 1998), Warren App. No. CA97-07-081, unreported, citing Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203. Therefore, appellant must have demonstrated that his trial counsel was ineffective and that, as a result, his plea was not knowing and voluntary. Appellant made no such showing. Appellant presented no operative facts nor affidavits demonstrating that appellant's plea was less than knowing or voluntary nor that had appellant's trial counsel failed to make the alleged mistakes, appellant would have insisted on going to trial. The circumstances of this case do not constitute per se instances of ineffective assistance of counsel, therefore, production of operative facts or evidence was necessary. State v. English (March 8, 2000), Lorain App. No. 99CA007408, unreported, 2000 WL 254912.
We find that the trial court's decision is supported by the evidence and was not an abuse of discretion. Appellant's first, second and third assignments of error are overruled.
By Edwards, J. Wise, P.J. and Milligan concurs