OPINION
{¶ 1} Defendant-appellant Jerry Ray Francis, Jr. appeals the May 15, 2002 Entry of the Guernsey County Court of Common Pleas, which denied his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 14, 1997, the Guernsey County Grand Jury indicted appellant on four counts of rape, in violation of R.C. 2907.02, and four counts of gross sexual imposition, in violation of R.C. 2907.05. The charges arose from allegations involving appellant's son, Jerry Ray Frances, III. A bench trial commenced on April 15, 1998. The trial court found appellant guilty as charged. Via Judgment Entry filed June 1, 1998, the trial court sentenced appellant to a total aggregate term of incarceration of twenty-two years. The trial court also classified appellant as a sexual predator.
 {¶ 3} On December 21, 1998, appellant filed a Petition for Post-Conviction Relief, asserting trial counsel was ineffective. The petition included thirteen affidavits from family members, friends, and employers, each averring he/she had information relevant to appellant's case, but they were never called to testify. Via Entry filed June 4, 1999, the trial court denied appellant's petition without an evidentiary hearing.
 {¶ 4} Appellant filed a timely notice of appeal to this Court. This Court reviewed the affidavits attached to appellant's petition in light of the trial testimony. The affidavits focused on three issues: appellant's character; the victim's character and sexual behavior; and the victim's motive for fabricating the accusations. This Court found the trial court did not err in finding trial counsel was not ineffective for failing to present evidence of appellant's character and the victim's character, but concluded the trial court should have conducted a hearing to develop the "direct testimony" of retaliation and to qualify such testimony under Evid.R. 613(B). This Court reversed and remanded the matter to the trial court for a hearing with the limited purpose of review pursuant to Evid.R. 613(B). State v. Francis (Feb. 23, 2000), Guernsey 5th App. No. 98CA24. (Francis I).
 {¶ 5} Upon remand, the trial court conducted a hearing at which nine of the thirteen witnesses, who submitted affidavits, testified. Appellant attempted to present the testimony of Attorney Donald Schumacher as an expert witness. Although the trial court excluded the testimony, appellant was allowed to proffer the testimony into the record. The trial court found appellant had produced evidence of prior inconsistent statements of the victim which could have been offered at trial to impeach his testimony pursuant to Evid.R. 613, but concluded the evidence did not meet the ineffective assistance of counsel standard. The trial court, therefore, denied appellant's petition for post-conviction relief.
 {¶ 6} Appellant again appealed to this Court, raising two assignments of error. First, appellant argued the trial court erred in finding trial counsel was not ineffective. Second, appellant asserted the trial court erred in failing to admit the testimony of Attorney Schumacher. This Court overruled appellant's first assignment of error. We sustained his second assignment of error, and reversed and remanded for the trial court to review and consider the expert testimony of Attorney Schumacher. State v. Francis, Guernsey 5th App. No. 01CA05,2002-Ohio-990. (Francis II). Upon remand the trial court concluded, even in light of Schumacher's testimony, appellant was not deprived his right to effective assistance of counsel. The trial court memorialized its ruling via Entry filed May 15, 2002. It is from this judgment entry appellant appeals, raising the following as his sole assignment of error:
 {¶ 7} "I. The trial court erred in finding that Mr. Francis was not prejudiced by trial counsel's deficient performance."
 I. {¶ 8} Herein, appellant challenges the trial court's finding he was not prejudiced by trial counsel's deficient performance.
 {¶ 9} In reviewing the trial court's denial of appellant's petition for postconviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Delgado (May 14, 1998), Cuyahoga App. No. 72288, unreported, citing State v. Mitchell
(1988), 53 Ohio App.3d 117. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Pursuant to this Court's Opinion in Francis, II, the trial court was instructed "to consider the expert testimony of Donald Schumacher, and determine if pursuant to the standard of ineffective assistance of counsel as set forth in Strickland v. Washington, * * * the second prong of the test is satisfied, in light of the testimony of Mr. Schumacher." Id. at 8-9.
 {¶ 11} At the January 6, 2001 hearing held pursuant to this Court's decision in Francis I, appellant proffered Attorney Schumacher's testimony:
 {¶ 12} "Attorney Hohmann (appellant's counsel): Q. Mr. Schumacher, based on your review of this case and based on your expertise and knowledge do you have an opinion based upon a legal degree of certainty whether this representation in Mr. Francis' case constitutes ineffective assistance of counsel as you have defined that?
 {¶ 13} "Attorney Schumacher: A. I do. * * *
 {¶ 14} "Q. What is your opinion?
 {¶ 15} "* * *
 {¶ 16} "A. My opinion is that the failure to call certain witnesses which appear to have been both known and available to the attorney, to the trial attorney, at the time I believe did amount to an ineffective assistance of counsel under the standards set out inStrickland versus Washington and subsequent Ohio cases.
 {¶ 17} "Q. What are your reasons for that opinion?
 {¶ 18} "A Well, I would like first of all to make it clear that I have confined this opinion to the stated issue of motive to fabricate under the Court of Appeals' decision to frame that.
 {¶ 19} "* * *
 {¶ 20} "Given the status of the other evidence in this case it became clear that the alleged victim in this case testimony was very crucial to the State of Ohio in making their case, as it often is. It also became clear that where there was actual evidence available to indicate that this alleged victim, the prosecuting witness if I may refer to him that way, made actual recantations of his prior statement and where in addition to a recantation he also indicated to various individuals that he had a reason to lie about these various matters. That is the stated motive throughout the trial or at least throughout the affidavits and I think at least initially developed in the trial that he was going to get back at his father; that to not present that evidence so that it, if you will, saw the light of day in the courtroom and was subject to the examination in the context of the trial I believe that was certainly deficient on the part of the attorney.
 {¶ 21} "I also feel that given the especially the testimony of Miss Jamie Morris about the recantation that's a very very powerful matter and while, of course, all witnesses are subject to review by the trier of fact for its veracity and truthfulness I think to not bring it forward is certainly remiss on the part of the attorney. And I feel that had that been presented along with the supporting testimony of the other individuals I feel there is — — there's a very strong probability of a difference — the result in this case would have been different. I would note it appears from the information I have that while several other people mentioned in the post conviction petition have relationships to the Francis family members or whatever I don't believe Miss Morris was a family member and that also aided my decision." Tr. January 6, 2001, Proceedings at 28-32.
 {¶ 22} In its May 15, 2002 Entry, the trial court found:
 {¶ 23} "Atty. Donald Schumacher `predicated his opinion on the affidavit of Jamie Morris, who he testified should be given greater credibility than a family member who was otherwise emotionally involved in the case.' * * * The Court further finds that `Jamie Morris testified that she lived in the trailer occupied by the Francis family in 1994, along with her mother and her siblings.' * * * The Court further finds that Jamie Morris' credibility was `weakened by her inability to recall or remember the matters to which she was testifying and [her referral] to Jerry Francis, the Defendant, as "Uncle Jerry" thereby undercutting the factual foundation for the proffered expert testimony of Donald Schumacher that she should be viewed as a non-family member. She apparently views the Defendant as an uncle.' * * *
 {¶ 24} "* * * all of the witnesses sought to be called by the Defendant and considered by Atty. Schumacher could both have hurt and helped the Defendant.
 {¶ 25} "The Court finds that Defendant's trial attorney, Mark Riddle, did cross-examine all of the State's witnesses including questioning the victim, Jerry Ray, regarding the issues raised by Defendant's proposed witnesses.
 {¶ 26} "The Court finds that a review of the record in the instant case demonstrates that the persuasive weight of the medical evidence can not be overcome by the Defendant as such medical evidence substantiates the claims testified to by the victim, Jerry Ray.
 {¶ 27} "* * *
 {¶ 28} "The Court finds that the victim never recanted the allegations which remained consistent from the time of his initial disclosure at school until the time of his trial testimony.
 {¶ 29} "Based upon the foregoing, the Court concludes that the consideration of Atty. Schumacher's expert testimony would not present a sufficient legal basis for the post conviction relief sought by the Defendant as the Defendant has failed to demonstrate that but for trial counsel's errors, the results of the trial would have been different pursuant to Strickland, supra, and State v. Bradley (1989),42 Ohio St.3d 136." May 15, 2002 Entry at 1-3.
 {¶ 30} In the instant matter, the trial court was the trier of fact. The trial court heard all the testimony of the witnesses. The trial court found, as this Court found, trial counsel's failure to call the witnesses who testified at the January 6, 2001 evidentiary hearing did not prejudice appellant. Despite Attorney Schumacher's opinion to the contrary, the determination appellant was not prejudiced was solely a call for the trial court. The record contains competent and credible evidence to support the trial court's determination. We find the trial court did not abuse its discretion.
 {¶ 31} Appellant's sole assignment of error is overruled.
 {¶ 32} The judgment of the Guernsey County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin P.J. and Edwards, J. concur.