[Cite as *State v. Flenner*, 2022-Ohio-2831.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

  - v -

CECIL LEE FLENNER,

        Defendant-Appellant.

CASE NO. 2022-T-0003

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2016 CR 00641

**O P I N I O N**

Decided: August 15, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Cecil Lee Flenner*, pro se, PID# A694-592, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, OH 43724 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Cecil Lee Flenner, appeals the dismissal, without hearing, of his postconviction relief petition. We affirm.

{¶2} In 2017, Flenner was convicted of seven felony offenses, including aggravated burglary, rape, and kidnapping. This court affirmed the convictions on direct appeal. *State v. Flenner*, 11th Dist. Trumbull No. 2017-T-0054, 2018-Ohio-1027, *delayed appeal denied*, 153 Ohio St.3d 1437, 2018-Ohio-2697, 101 N.E.3d 467.

{¶3} On July 13, 2018, Flenner filed a pro se petition to vacate or set aside the judgment of conviction or sentence, arguing a denial of his rights to a fair trial and due process because his trial counsel was ineffective. The trial court dismissed the petition, without a hearing, and issued findings of fact and conclusions of law. Specifically, the trial court held that Flenner failed to establish substantive grounds for relief and that his arguments were barred under the doctrine of res judicata.

{¶4} Flenner raises four assignments of error:

[1.] Abuse of discretion: The Trial Court abused its discretion when it disposed of Appellant's Post-Conviction Petition (PCR) based on an unreasonable determination of the facts in light of the evidence presented at trial.

[2.] Res judicata is misapplied in the case at bar.

[3.] Ineffective assistance of Trial Counsel: Counsel's failure to call a clinical expert caused extreme prejudice to appellant as the outcome of the trial would have been different.

[4.] Compulsory Process. The structure of the trial collapsed when Plaintiff was denied his right to compulsory process.

As the arguments in these assigned errors are intertwined, we consolidate them for review. Flenner asserts that the trial court abused its discretion by dismissing the petition without a hearing and misapplied the doctrine of res judicata.

{¶5} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" "may file a postconviction relief petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief[.]" R.C. 2953.21(A)(1)(a)(i).

2

Case No. 2022-T-0003

**{¶6}** "*Before granting a hearing on a petition filed under division (A)(1)(a)(i) * * * of this section, the court shall determine whether there are substantive grounds for relief.*" (Emphasis added.) R.C. 2953.21(D). "In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." *Id.* "If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." *Id.* "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." R.C. 2953.21(F).

**{¶7}** We review a trial court's decision on a postconviction petition for an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "[A]n abuse of discretion is the trial court's '"failure to exercise sound, reasonable, and legal decision-making."'" *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70 (11th Dist.), quoting *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8 Ed.2004). "'Absent a showing of abuse of discretion, a reviewing court will not overrule the trial court's finding on a petition for post-conviction relief which is supported by competent and credible evidence.'" *Gondor* at ¶ 50, quoting *State v. Mitchell*, 53 Ohio App.3d 117, 119, 559 N.E.2d 1370 (8th Dist.1988).

**{¶8}** In his petition, Flenner claimed he was denied the effective assistance of counsel because his trial counsel failed to bring forth expert testimony or request a

3

competency hearing on the state's victim witness, whom Flenner alleges suffers from schizoaffective disorder.

{¶9} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. The defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

{¶10} "To warrant an evidentiary hearing in a postconviction proceeding, a petitioner must submit evidence outside the record that sufficiently establishes that the petitioner is entitled to relief on one or more asserted constitutional grounds." (Citations omitted.) *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 29. "Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." (Citations omitted.) *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982).

4

{¶11} Flenner presented his claim for ineffective assistance of trial counsel as follows:

> I did not get a fair trial and due process because counsel did not bring forth testimony from a psychiatrist or expert to conduct a competency hearing on the state's witness. She is diagnosed with schizoaffective disorder.
>
> Exhibit 1, a definition of schizoaffective disorder, symptoms of the illness, treatment, and other related conditions. I will show in her past medical records where she has already been diagnosed with this mental illness. I will also show in the transcripts where she states several symptoms and that she belongs to Coleman Behavioral and is under a physician for care.
>
> Evidence supporting this claim is not attached because Petitioner needs the assistance of an attorney, investigator, psychologist and/or psychiatrist to produce the evidence. (See Petitioner's Motions for Expert Assistance and for Appointment of Counsel, filed with this petition.)

{¶12} In support of his petition, Flenner attached "Exhibit 1," which is a handwritten four-page list, without references or sources, of the symptoms, diagnosis, and treatment of schizoaffective disorder. Flenner also filed a motion for expert assistance from a psychiatrist, in which he cites to multiple Ohio cases where there was testimony that a witness had schizoaffective disorder. Flenner then states that the victim witness in his case exhibits the same symptoms as those described.

{¶13} Flenner provides no support for trial counsel's alleged deficiency or prejudice resulting from trial counsel's performance. Rather, he offers nothing more than his personal opinion that the victim's trial testimony is evidence that she suffers from a mental illness. And, although he requested the trial court to provide him with expert assistance, he is not entitled to such assistance in postconviction proceedings. *State v. Jackson*, 11th Dist. Trumbull No. 2004-T-0089, 2006-Ohio-2651, ¶ 24 ("since a

5

proceeding under R.C. 2953.21 is considered civil, there is no constitutional right to expert assistance"). Accordingly, Flenner has failed to demonstrate sufficient operative facts to establish substantive grounds for relief. As this basis alone is sufficient to affirm the trial court's decision to dismiss the petition without a hearing, we need not address Flenner's res judicata argument.

{¶14} Flenner's assignments of error are without merit. The trial court's dismissal of Flenner's postconviction relief petition is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2022-T-0003