Defendant-appellant David Harris appeals from the trial court order that denied his petition for postconviction relief.
Appellant asserts the trial court's order was improper, contending both that his claim of ineffective assistance of trial counsel could not have been raised on direct appeal and that he was entitled to an evidentiary hearing on the matter. This court's review of the record on appeal demonstrates appellant's assertion is baseless; therefore, the trial court's order is affirmed.
This court previously has set forth the facts relating to appellant's original convictions in State v. Harris (Oct. 13, 1994), Cuyahoga App. No. 66103, unreported. Briefly stated, after a lengthy trial, a jury convicted appellant of two counts of aggravated murder, R.C. 2903.01; aggravated robbery, R.C. 2911.01; and kidnapping, R.C. 2905.01.
The charges against appellant stemmed from an incident that had occurred the night of April 22, 1992. Two of appellant's accomplices testified that they, appellant and another man set out to "carjack" an automobile. Pursuant to the plan, the four of them stopped a lone driver. During the ensuing theft of the driver's vehicle, appellant produced a weapon and shot the driver in the chest, killing him. The four then fled the scene, one of them in the victim's vehicle. The vehicle then was taken to a friend's house for "stripping."
In addition to the testimony of appellant's accomplices, the state produced the testimony of several witnesses who had either observed or heard the incident as it occurred. In addition, the friend who had seen, at his own home, appellant and two of his accomplices "stripping" the victim's vehicle testified.
The defense witnesses testified they saw appellant at "The Spot Lounge" on the night of the incident. Appellant testified in his own behalf in order to corroborate the foregoing alibi.
Subsequently, the state sought to offer in rebuttal the testimony of two police detectives. These two witnesses indicated appellant had given them separate oral statements representing both that, at the time of the killing, he had been at his girlfriend's home and at his mother's home.
After finding the state's failure to disclose the existence of this evidence was not a willful violation of the rules of discovery, the trial court permitted the state to introduce this testimony. Appellant's convictions followed.
Represented by new counsel, appellant filed a direct appeal of his convictions. In State v. Harris, supra, the trial court's decision with respect to the admission of the detectives' testimony, along with the jury's decision to convict appellant of the offenses with which he was charged, was affirmed by this court. In relevant part, this court stated:
 Appellant asserts that the trial court erred by permitting the state to use an oral statement (sic) by the appellant for impeachment purposes. Specifically, appellant contends that the state did not provide him with the oral statement during discovery, therefore the state should not have been permitted to use the oral statement to impeach him after he had testified on direct examination.
* * *
 * * * [A]ppellant states that he may not have testified if he had knowledge of the statement. In our view, this argument is purely conjecture. Appellant merely argues that the disclosure of his oral statement could have possibly altered his decision concerning taking the witness stand. (Citation omitted.)
* * *
 In sum, the state's failure to provide appellant's statement of two contradictory alibis does not, in itself, warrant a reversal. In our view, appellant has failed to show how the state's failure to comply with Crim.R. 16(B)(2)(a)(ii) prejudiced his ability to reveal a weakness in the state's case or in his ability to present a credible defense more effectively.
On October 16, 1995, approximately three years after his convictions, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. Appellant argued his convictions should be voided on the basis he was denied his constitutional right to effective assistance of trial counsel.
Appellant asserted trial counsel failed to inform him "prior to his testifying that the prosecutor had two witnesses who could impeach his alibi testimony if he testified at trial." Appellant further asserted he "would not have testified" if trial counsel had imparted this information to him.[1]
The state responded to appellant's petition with a motion to dismiss.
On September 16, 1996 the trial court issued its order. The trial court dismissed appellant's petition for postconviction relief and denied appellant's request for an oral hearing on the matter. The trial court stated two reasons for its decision, viz.,
(1) appellant's "claims could have been raised at trial or on appeal and are res judicata" and (2) appellant "failed to submit any evidentiary quality documents" to support his claims.
Appellant filed his appeal from the trial court's order in a timely manner. He presents the following three interrelated assignments of error for review:
 I. DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED, PRIOR TO HAVING HIM TESTIFY, TO INFORM HIS OF THE PROSECUTOR'S NOTICE THAT TWO WITNESSES WERE CLAIMING THAT HE HAD GIVEN THEM VERBAL STATEMENTS THAT WERE INCONSISTENT ALIBI STATEMENTS THAT COULD BE USED TO IMPEACH HIS TESTIMONY IF HE TESTIFIED, AND COUNSEL, THEREBY EFFECTIVELY IMPAIRED AND DEPRIVED DEFENDANT OF THE ABILITY TO MAKE AN INTELLIGENT AND INFORMED DECISION AS TO WHETHER OR NOT HE WOULD TESTIFY.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF ON THE GROUNDS OF RES JUDICATA WHERE PROFESSIONAL FAILURE OF TRIAL COUNSEL COULD NOT BE RAISED ON DIRECT APPEAL DUE TO SILENT RECORD.
 III. THE TRIAL COURT ERRED IN ITS FAILURE TO HOLD AN EVIDENTIARY HEARING.
Appellant essentially argues he demonstrated substantive grounds for relief that could not have been raised on direct appeal; hence, an evidentiary hearing was required. For the purposes of discussion, although the record is incomplete, this court may presume that the statements appellant made in his petition ultimately were presented in the form of an affidavit. Nevertheless, this court disagrees with appellant's assertion.
At the time appellant filed his petition, the relevant portions of R.C. 2953.21 provided:
 Petition for postconviction relief. (A)(1) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.
 The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
* * *
 (C) * * * Before granting a hearing, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues * * *.
(Emphasis added.)
Absent a showing of abuse of discretion, a reviewing court will not overrule a trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence. State v. Mitchell (1988), 53 Ohio App.3d 117; see, also, State v. Calhoun (1999), 86 Ohio St.3d 279.
Moreover, a criminal defendant who challenges his convictions by this method is not automatically entitled to a hearing. State v. Cole (1982), 2 Ohio St.2d 112. [2 Ohio St.3d 112] Rather, he is required to demonstrate not only a denial of his rights but also "that such errors resulted in prejudice before a hearing is scheduled." State v. Calhoun, supra, at 283, citing State v. Jackson (1980), 64 Ohio St.2d 107, 112.
The petitioner accomplishes this task by submitting evidentiary documents of sufficient quality to justify the decision of the trial court, in the exercise of its discretion, to order a hearing. Even when affidavits are filed in support of the petition, although a trial court "should give [them] due deference," it may also "judge their credibility in determining whether to accept the affidavits as true statements of fact." Calhoun, at 284.
In assessing the credibility of affidavit testimony, the trial court should consider "all relevant factors."
 Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witnesses, or to be internally inconsistent, thereby weakening the credibility of that testimony. (Citation omitted.)
 Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility.
Id. at 285.
The record in this case supports the trial court's decision to deny appellant's petition without a hearing based upon the lack of evidence to support the assertions appellant made in it.
First, the same trial judge who reviewed appellant's petition presided at his trial. Moreover, appellant's assertions rely upon hearsay, and he presented no affidavits to support the statements made in his petition. See, e.g., State v. Frazier (Dec. 11, 1997), Cuyahoga App. No. 71746, unreported.
Finally, as this court's previous review of appellant's trial indicates, appellant's testimony was the catalyst that precipitated the parties' awareness of the matter of appellant's inconsistent oral statements. By that time, appellant's witnesses and appellant himself already had testified.
In short, "there is nothing in the record to corroborate" appellant's claims either that trial counsel did not inform him of the prosecution's intent to produce the detectives' testimony or that appellant did not make an informed decision when he took the stand to testify in his own defense at trial. Id. at 288. The trial court, therefore, was justified in concluding that appellant had failed to support his petition adequately.
Additionally, the trial court properly concluded appellant failed to present substantive grounds for relief. The issue of the introduction of the detectives' testimony was addressed on appeal; therefore, the doctrine of res judicata applied to the matter. State v. Perry (1967), 10 Ohio St.2d 175. Furthermore, appellant demonstrated neither that trial counsel was deficient in his representation of appellant nor that counsel's alleged failure to "consult" with appellant had any prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136.
The record instead demonstrates counsel was not aware of this evidence until the strategic decision to introduce appellant's testimony already had been made. Appellant, however, must have been aware prior to trial of the potential for its introduction since he is the one who made the inconsistent alibi statements to the detectives.
The trial court, therefore, properly denied appellant's petition for postconviction relief without a hearing. State v. Calhoun, supra.
Accordingly, appellant's assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and PATRICIA A. BLACKMON, J. CONCUR
 __________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
[1] Although appellant asserts he attached his affidavit to his petition, it is not included in the record on appeal. Moreover, appellant's petition itself is incomplete. An inspection of the trial court's record has failed to indicate the existence of any additional pages.