OPINION
Defendant-appellant Thomas E. Crosson appeals November 29, 1999 Opinion and Order Denying Defendant's Motion for Post Conviction Relief entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 3, 1989, the Delaware County Grand Jury indicted appellant on two counts of aggravated robbery, in violation of R.C. 2911.01. Both counts were enhanced with firearm and prior conviction specifications. At his arraignment on May 5, 1989, appellant entered a plea of not guilty to the indictment. The matter proceeded to trial before a jury on May 22, 1989. The following evidence was adduced at trial. On December 20, 1988, an individual knocked on the door of the residence of Terry and Marianna Glaze in Delaware County, Ohio. Marianna asked Terry to answer the knock because she did not recognize the individual at the door. When Terry answered the door, the individual asked him if he knew a man named Stevens or Steward. Terry responded, "No", and inquired as to the contents of a box the individual was carrying. After the individual informed Terry the box contained drugs, Terry instructed him to leave the premises. The individual then brandished a cocked pistol and forced his way into the home. Two additional persons forced their way into the residence. One individual, who was later identified as appellant, carried a semi-automatic pistol. The three men held Terry, Marianna, and two of their children at gun point while they stole various items from the home. The three men herded the family into a bathroom and fled the residence in a dark colored 1978 Monte Carlo, which displayed 30-day tags. Terry retrieved a pistol. He proceeded to his vehicle and pursued the three men for approximately 1 to 1 1/2 miles to Jack Holobaugh's house and body shop. Upon his arrival, he observed appellant standing beside the Monte Carlo. Appellant and the two other men returned to the vehicle and departed the area. As a result of bullet exchange, Terry was unable to see were the Monte Carlo turned and lost the trail of the men. He returned to Holobaugh's property and Holobaugh telephoned the police. Meanwhile, Marianna and her children fled to her sister-in-law's house which is located next to the Glaze residence. Marianna explained the situation to her sister-in-law and then returned to her home to intercept her teenage daughter who was due home from school. Simultaneously, the Delaware County Sheriff's Department arrived. Both Terry and Marianna Glaze identified appellant at trial as the individual who brandished the semi-automatic handgun during the robbery. The Glazes also identified appellant through a photographic array shown to them on December 21, 1988. Three other witnesses also made courtroom identifications of appellant. First, Officer Jackson, who was familiar with appellant, testified he stopped appellant in the Monte Carlo on the morning of December 20, 1988. Officer Jackson testified appellant produced a driver's license in the name of Thomas Sutton. Next, Kenny Brown, a tow-truck driver, testified appellant paid him $30 to tow a black Monte Carlo. While he was hitching the vehicle, Brown observed bullet holes in the back of the car and questioned appellant as to the cause. Finally, Jack Holobaugh identified appellant's photo and person as the subject driving the Monte Carlo. Appellant did not testify on his own behalf at trial. After hearing all the evidence and deliberations, the jury found appellant guilty of both counts and the attendant specifications. At the sentencing hearing on June 30, 1989, the trial court found the two counts of aggravated robbery were allied offenses of similar import and merged the same for sentencing purposes. The trial court sentenced appellant to an indeterminate term of imprisonment of fifteen to twenty-five years with the minium term of fifteen years imposed as a term of actual incarceration. Additionally, the trial court imposed a mandatory three year term of actual incarceration for the firearm specification. Appellant filed a timely appeal to this Court. This Court affirmed his conviction and sentence. State v. Crosson (Mar. 30, 1990), Delaware App. No. 89-CA-26, unreported. The Ohio Supreme Court declined to review the case further. State v. Crosson (1990), 53 Ohio St.3d 715. On September 17, 1996, appellant filed a Pro Se Petition to Vacate or Set Aside Sentence. The trial court appointed Attorney Ken Murray to represent appellant during the post-conviction proceedings. On March 21, 1997, Judge Henry E. Shaw conducted a partial evidentiary hearing on the petition. Via Judgment Entry filed March 24, 1997, the trial court stayed all proceedings in the matter until a final resolution of a habeas corpus action pending in the Eastern Division of the Federal District Court for the Southern District of Ohio was decided. On May 21, 1997, Chief Justice Thomas Moyer appointed Judge John M. Meagher to conduct any further proceedings in this matter. Subsequently, and without any intervening proceedings, the Chief Justice reassigned the matter to Judge Guy L. Reece. Judge Reece concluded the evidentiary hearing on May 8, 1998, and allowed the parties to file post-hearing briefs. However, Judge Reece was unable to complete the post-conviction proceedings due to his accepting a new position. On October 25, 1999, Judge Richard M. Markus was assigned to preside over the matter. Upon Judge Markus' request, Judge Shaw appointed the State Public Defender as counsel for appellant. Judge Markus scheduled a further evidentiary hearing on December 10, 1999, however, the parties advised him such a hearing was unnecessary; therefore, Judge Markus proceeded to decide the petition on the court file. Upon review of the claims asserted in appellant's petition, Judge Markus found appellant was not denied effective assistance of counsel, and denied appellant's petition. The trial court memorialized its decision in an Opinion and Order Denying Defendant's Motion for Post-Conviction Relief filed November 29, 1999. It is from this opinion and order appellant prosecutes his appeal, raising the following assignments of error:
 I. THE COURT ERRED IN FINDING THAT TRIAL COUNSEL WAS EFFECTIVE, EVEN THOUGH COUNSEL PREJUDICED MR. CROSSON'S CASE BY NOT ALLOWING HIM TO ASSERT HIS RIGHT TO TESTIFY. (SEE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW, P. 8-10).
 II. THE COURT ERRED IN CONCLUDING THAT MR. CROSSON WAS AFFORDED THE EFFECTIVE ASSISTANCE OF COUNSEL, EVEN THOUGH TRIAL COUNSEL SUBMITTED A STIPULATION OF A PRIOR CONVICTION TO THE JURY INSTEAD OF TO THE COURT. (ENTRY DENYING POST-CONVICTION RELIEF AT P. 6-7).
 III. THE COURT'S DISMISSAL OF MR. CROSSON'S POST-CONVICTION PETITION WITHOUT REVIEWING THE ENTIRE RECORD WAS AN ABUSE OF DISCRETION AND A DENIAL OF DUE PROCESS. (ENTRY DENYING POST-CONVICTION RELIEF).
 III
Because our analysis of appellant's first assignment of error is dependent upon the outcome of appellant's third assignment of error, we shall address the third assignment first. In his third assignment of error, appellant maintains the trial court abused its discretion and denied him his right to due process by dismissing his post-conviction petition without reviewing the entire record. Absent a showing of an abuse of discretion, a reviewing court will not overrule a trial court's findings on a petition for post-conviction relief which are supported by competent and credible evidence. State v. Mitchell (1988),53 Ohio App.3d 117, 119. "Abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157. In its Opinion and Order Denying Defendant's Motion for Post-Conviction Relief, the trial court noted: * * * the court * * * proceeds to decide this petition on the court file, including transcripts of Judge Shaw's hearing on March 21, 1997, and Judge Reece's hearing on May 8, 1998.
For this purpose, the newly assigned judge confirms that he is satisfied that he has adequately familiarized himself with the record, and that his decision does not require him to determine the credibility of any witness by direct observation. (Citations omitted).
Opinion and Order at 2-3.
An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below. Rheinstrom v. Steiner (1904), 69 Ohio St. 452. A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197. Appellant has not affirmatively demonstrated the trial court failed to review the trial transcript. Given the presumption of regularity, appellant's failure to overcome this presumption, and the trial court's statement relative to its review of the entire record, we overrule this assignment of error.
 I
In his first assignment of error, appellant asserts the trial court erred in finding his trial counsel was effective when trial counsel prohibited appellant from asserting his right to testify. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. At the evidentiary hearing on appellant's post-conviction relief motion, appellant testified as follows: Q. Did you inform [Attorney Shelby V. Hutchins, appellant's trial counsel] that you wanted to testify?
A. Yes.
Q. What was his response?
* * *
 A. He told me that he did not think it advisable because of my prior record.
 He said that it would get into all the stuff I had been into as a juvenile, and make me look bad in front of the jury.
 I told him, "I have got to testify. There is a series of events. Any normal person is going to wonder why you and I have got nothing to say if I don't get on the stand."
 I had a belief about what did happen. I wanted to say that. We did not discuss anything, if I could have said this or that. It was like, "I don't think it [sic] a good idea because of prior convictions."
Q. Did he tell you who would make [sic] final decision about it?
 A. I was under the impression it was him, because he is the attorney. I was under the impression it was his decision because he was the attorney.
He never said it was his say. He did not say it was my say.
 Q. Did he ever tell either the judge or jury at trial whose decision that would be?
 A. Yes, he told the jury [in final argument] that it was up to him.
Q. Did you believe it was up to him at that point?
A. Yes.
* * *
 Q. Did he come to you and say, "I am not going to let you testify"?
A. No.
Transcript of May 8, 1998 Proceedings at 47-48, 57.
 Attorney Shelby V. Hutchins also testified about the subject: Q. What was [appellant's] position about whether he should testify or not at trial?
 A. As we got into the trial my recollection is that he wanted to testify.
 Q. And did he maintain that desire to testify throughout the trial?
 A. I seem to recall that it came up well into the trial. I'm not sure of the exact circumstances at this point of time, but certainly throughout the period of the trial [appellant] indicated that he wanted to testify, wanted to be put on the stand.
 Q. Did you tell [appellant] it was your decision whether he testified or not?
 A. I don' t know. I told [appellant]. I did tell the jury that, as I recall.
Q. That was your position at that time?
A. Yes. With the jury I didn't — —
 Q. Okay. You did not discuss that at all with him. Then did you take a position about whose decision it was on whether he would testify or not, when discussing it with [appellant]?
 A. I don't recall that I did [sic] without question. l did not want him to testify.
Transcript of March 21, 1997 Proceedings at 13-14.
The trial court concluded Attorney Hutchins inadequately advised appellant about his right to testify. We agree and find appellant has satisfied the first prong of the Strickland test. With respect to the second prong of the Strickland test, the trial court found: More importantly, [appellant] fails to demonstrate how his constitutionally protected silence adversely affected the verdict. While [appellant] reportedly maintained his innocence in private conversations with his counsel and others, his postonvction [sic] hearing testimony never denied that he committed the offenses for which the jury convicted him. His hearing testimony fails to explain what he would have said if he had testified at the trial. Consequently, any conclusion that his unstated testimony would have swayed the jury is completely speculative, especially when (a) overwhelming evidence supported his conviction, and (b) the state would have impeached him with the same prior conviction (and perhaps others) which he now contends his counsel should not have stipulated.
Opinion and Order at 10.
Having found supra, the trial court reviewed the entire record, including the trial transcript, we find the trial court did not abuse its discretion in determining appellant failed to satisfy the second prong of Strickland. Upon review of the entire record, we find the trial court justifiably found overwhelming evidence to support appellant's conviction. Accordingly, we find the trial court did not abuse its discretion in finding appellant's trial counsel was effective. Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred in concluding he was afforded the effective assistance of trial counsel when trial counsel stipulated to appellant's prior offenses. The Ohio Supreme Court has held that issues cannot be considered in post-conviction proceedings where they have already been or could have been fully litigated by the appellant while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175. Only those issues which are raised for the first time in a post-conviction relief proceeding and rely for their determination on evidence dehors the record are not barred from the trial court's consideration. State v. Cole (1982),2 Ohio St.3d 112. In his original appeal to this Court, appellant argued trial counsel was ineffective for failing to elect to have the prior offense specification litigated to the trial court. This argument addressed the same claim now raised in appellant's petition for post-conviction relief. Because appellant raised the issue on direct appeal and because the issue was capable of resolution and fully capable of being litigated on the record as it then existed before this Court, we find this renewed claim of ineffective assistance of counsel is barred by the doctrine of res judicata despite appellant's introduction of additional evidence on this issue. Appellant's second assignment of error is overruled.
The judgment entry of the Delaware County Court of Common Pleas is affirmed.
 ___________________________ Hoffman, J.
By: Hoffman, J. Gwin, P.J. and Reader, J. concur