[Cite as *State v. Haynie*, 2017-Ohio-8829.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. CT2017-0046 |
| ELGIN HAYNIE | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common
Pleas, Case No. CR2016-0078


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: December 1, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                ELGIN Z. HAYNIE
PROSECUTING ATTORNEY        NOBLE CORR. INSTITUTION
GERALD V. ANDERSON II          15708 McConnelsville Road
ASSISTANT PROSECUTOR          Caldwell, Ohio  43724
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio  43701

*Wise, John, P. J.*

**{¶1}** Defendant-appellant Elgin Haynie appeals the denial of his Petition for Post-Conviction Relief entered in the Muskingum County Court of Common Pleas.

**{¶2}** Plaintiff-appellee is the State of Ohio.

**{¶3}** Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

**{¶4}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶5}** This appeal shall be considered in accordance with the aforementioned rules.

<u>**STATEMENT OF THE FACTS AND CASE**</u>

**{¶6}** The relevant facts and procedural history are as follows:

**{¶7}** On or about February 17, 2016, Appellant Elgin Z. Haynie was indicted on one count of Trafficking in Drugs (Methamphetamine) (Major Drug Offender Specification), a felony of the first degree; one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree; one count of Money Laundering (Forfeiture

Specification), a felony of the third degree; and one count of Money Laundering, a felony of the third degree.

{¶8} Appellant lived in Burbank, California and would send large quantities of methamphetamine by mail to Walter Coffee, Appellant's co-defendant, who lived in Muskingum County, Ohio. Packages were tracked and delivered to Coffee's residence when members of the Central Ohio Drug Enforcement Task Force executed a search warrant and arrested Coffee.

{¶9} Coffee disclosed to detectives that Appellant would send him large quantities of drugs - methamphetamine, cocaine, and marijuana once - by mail. He would sell it here in Ohio and deposit money into an account with Bank of America for Appellant. Coffee would even travel out of state to the nearest Bank of America to deposit large sums of money.

{¶10} Detectives executed a warrant on the Bank of America account, which was in the name of Ugly Movement, a business owned by Appellant. They were able to trace a number of transactions in which Coffee would travel out of state, deposit thousands of dollars, and Appellant would withdraw the money in California.

{¶11} Coffee told detectives that he had been in business with Appellant since 2004, had stopped selling cocaine because it cost too much, and took a hiatus with selling rnethamphetamine between 2012-2015 because he was in school, but recently started selling it again. Coffee explained that he would deposit money into two accounts, one in the name of Appellant, and another in the name of Ugly Movement, which was a company that Appellant created to launder money.

{¶12} Detectives travelled to California, arrested Appellant, and brought him to Ohio. His defense attorney set up a proffer with the Muskingum County Prosecutor's Office and also with the Drug Enforcement Agency ("DEA"). During Appellant's proffer, he admitted to all of his own involvement, but refused to provide information on anyone new.

{¶13} On August 24, 2016, Appellant pled guilty to all counts in the indictment, count one (1) being amended to dismiss the Major Drug Offender Specification.

{¶14} On September 26, 2016, Appellant was sentenced to an aggregate term of sixteen (16) years in prison.

{¶15} On October 31, 2016, Appellant filed a Motion for Appointment of Counsel, an affidavit of indigency, and a Motion for Preparation of Complete Transcript of Proceedings at State Expense.

{¶16} Appellant never filed a direct appeal.

{¶17} On June 19, 2017, Appellant filed a petition for post-conviction relief.

{¶18} On July 6, 2017, the trial court denied Appellant's motion and his request for a hearing, finding that Appellant failed to show deficient performance of his defense counsel, or prejudice, or prosecutorial misconduct; it also found that Appellant was barred by the doctrine of *res judicata*.

{¶19} Appellant now appeals, raising the following Assignment of Error on appeal:

### ASSIGNMENT OF ERROR

{¶20} "I. THE TRIAL JUDGE ERRED IN FAILING TO GRANT THE APPELLANT AN EVIDENTIARY HEARING AS IS REQUIRED BY R.C. 2953.21(E)."

**I.**

**{¶21}** In his sole assignment of error, Appellant argues that the trial court erred in not holding an evidentiary hearing prior to denying his petition for post-conviction relief. We disagree.

**{¶22}** A defendant is entitled to post-conviction relief under R.C. §2953.21 only upon a showing of a violation of constitutional dimension that occurred at the time the defendant was tried and convicted. *State v. Powell* (1993), 90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* 5th Dist. Knox No. 05–CA–31, 2006–Ohio–2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. In reviewing a trial court's denial of an appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. *State v. Delgado,* 8th Dist. Cuyahoga No. 72288, 1998 WL 241988, citing *State v. Mitchell* (1988), 53 Ohio App.3d 117, 559 N.E.2d 1370. When a defendant files a post-conviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines that "the files and records of the case show the petitioner is not entitled to relief." *See* R.C. 2953.21(E).

**{¶23}** We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction petition without a hearing. *State v. Holland,* 5th Dist. Licking No. 12–CA–56, 2013–Ohio–905, ¶ 17. An abuse of discretion connotes more than

an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶24}** Appellant herein argues that he was innocent of the crimes to which he pled guilty, and that his trial counsel was ineffective for not doing more extensive investigation on his case,

**{¶25}** Under the doctrine of *res judicata,* a final judgment of conviction bars a defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Callahan,* 7th Dist. Mahoning No. 12 MA 173, 2013–Ohio–5864, ¶ 9, quoting *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those that could not have been raised on direct appeal because the evidence supporting the issue is outside the record. *State v. Snelling,* 5th Dist. Richland No. 14CA19, 2014–Ohio–4614, ¶ 30. In other words, "[u]nder Ohio law, where a defendant, 'represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief.' " *State v. Dickerson,* 10th Dist. Franklin No. 13AP–249, 2013–Ohio–4345, ¶ 11, quoting *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus, modifying *State v. Hester,* 45 Ohio St.2d 71, 341 N.E.2d 304 (1976).

**{¶26}** Upon review, we find Appellant, in his petition, chiefly relied on his own self-serving affidavit and an affidavit from his co-defendant, which he presented with his

petition and his present undeveloped suggestion that the aforesaid evidence would have revealed discrepancies in his case. Pursuant to the doctrine of res judicata, Appellant should have raised these issues on direct appeal. Second, by entering a plea of guilty, the defendant is not only stating that he committed the acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Thus, when a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors, unless those errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley,* 57 Ohio St.3d 127, 128, 566 N.E.2d 658 (1991); *State v. Barnett,* 73 Ohio App.3d 244, 249, 596 N.E.2d 1101 (2d Dist.1991). Appellant entered a plea of guilty and neither in his petition or appellate brief does he argue that his plea was less than knowing and voluntary.

**{¶27}** Appellant further fails to demonstrate in what manner he was prejudiced by trial counsel's performance. A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *State v. Williams,* 8th Dist. Cuyahoga No. 100459, 2014–Ohio–3415, ¶ 11 (internal citations omitted). Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *Williams* at ¶ 11 (internal citations omitted). Here, Appellant has not expressly alleged at the trial level or on appeal that his plea was less than knowing, intelligent and voluntary.

**{¶28}** Under R.C. §2953.21(C) "a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun,* 86 Ohio St.3d 279, 1999–Ohio–102, 714 N.E.2d 905, paragraph two of the syllabus.

**{¶29}** Upon review of the record and the post-conviction pleadings, we hold the trial court did not abuse its discretion in denying appellant's petition and amended petition for post-conviction relief without conducting an evidentiary hearing.

**{¶30}** Appellant's sole Assignment of Error is overruled.

**{¶31}** Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 1121